**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **United States of America,** | **CASE NO. 1:14 CR 312** |
| **Plaintiff-Respondent,** | **JUDGE PATRICIA A. GAUGHAN** |
| Vs. | |
| **Moises Perez,** | **Memorandum of Opinion and Order** |
| **Defendant-Petitioner.** | |

This matter is before the Court upon Petitioner's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 44) and Amended Motion for Relief Under 28 U.S.C. § 2255 (Doc. 50). For the reasons that follow, the motions are DENIED.

**BACKGROUND**

On January 27, 2015, Petitioner pled guilty without a plea agreement to possession of firearms and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). The presentence report designated Petitioner as an armed career criminal pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) ("ACCA"). The ACCA requires a mandatory minimum sentence of 15 years for a defendant convicted of violating 18 U.S.C. § 922(g) who has three prior convictions for violent felonies or serious drug offenses. The PSR identified the following prior

convictions as predicate offenses: (1) a 1987 New York conviction for second degree robbery, (2) a 2005 Ohio conviction for attempted intimidation, (3) a 2005 Ohio conviction for attempted felonious assault, and (4) 2011 Ohio convictions for burglary and attempted felonious assault. The presentence report calculated a guidelines range of 180 to 210 months of imprisonment based on a total offense level of 30, a criminal history category of VI, and the ACCA's 15-year mandatory minimum sentence. Petitioner objected to the use of his convictions for robbery and attempted intimidation as predicate offenses under the ACCA, and this Court overruled Petitioner's objections. The Court sentenced Petitioner to 210 months of imprisonment.

Petitioner appealed his sentence, contending that his conviction for attempted intimidation did not constitute a violent felony under the ACCA. On July 28, 2016, the Sixth Circuit affirmed Petitioner's sentence without deciding whether the attempted intimidation conviction was a violent felony because Petitioner conceded on appeal that he had three valid predicate offenses.

Petitioner then filed the current motion. In it, he argues that he should not have been sentenced as a career offender under the ACCA because three of his predicate offenses no longer qualify as violent felonies after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause of the ACCA, which defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ... that ... otherwise involves conduct that presents a serious potential risk of physical injury to another," is void for vagueness. Petitioner argues that his Ohio conviction for attempted intimidation, his Ohio conviction for third degree burglary, and his New York conviction for second degree robbery only qualified as violent offenses under the ACCA's

2

residual clause and, as such, are not valid predicate offenses. The Government opposes Petitioner's motion. The Government concedes that Petitioner's attempted intimidation and burglary convictions no longer qualify as violent offenses under the ACCA, but it asserts that his robbery conviction is still a violent felony and that Petitioner was therefore appropriately classified as an armed career criminal.[1]

### **ANALYSIS**

A federal prisoner may challenge a sentence if it "was imposed in violation of the Constitution or laws of the United States ... or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To prevail on a § 2255 motion, "the movant must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003). The petitioner has the burden of "sustaining [his] contentions by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Here, the only question is whether Petitioner's New York conviction for second degree robbery constitutes a proper ACCA predicate offense. The Government argues that it is a violent felony under the "elements clause" of the ACCA. Under that clause, "any crime punishable by imprisonment for a term exceeding one year...that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another" is a violent felony. 18 U.S.C. § 924(e)(2)(B)(i). In determining whether the elements clause covers Petitioner's robbery

---

[1] Petitioner does not argue that his 2005 and 2011 convictions for attempted felonious assault are not violent felonies.

3

conviction, the Court must look to the statutory definition of the state offense rather than the underlying facts of his crime. *United States v. Patterson*, – F.3d–, 2017 WL 1208425, at *2 (6th Cir. April 3, 2017) (citing *United States v. Anderson*, 695 F.3d 390, 399 (6th Cir. 2012); *Mathis v. United States*, –U.S.–, 136 S. Ct. 2243, 2248 (2016)). "If the statute requires proving that someone used, attempted to use, or threatened to use physical force against another, it satisfies the elements clause even if the statute does not match the elements clause word for word." *Id.*

Petitioner was convicted under New York Penal Law § 160.10(1), which states:

> A person is guilty of robbery in the second degree when he *forcibly steals* property and when:
> 
> 1. He is aided by another person actually present....

N.Y. Penal Law § 160.10(1) (emphasis added).

> A person forcibly steals property and commits robbery when, in the course of committing a larceny, *he uses or threatens the immediate use of physical force upon another person* for the purpose of:
> 
> 1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or
> 2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.

N.Y. Penal Law § 160.00 (emphasis added). As the highlighted language shows, Petitioner's robbery conviction has as an element "the use, attempted use, or threatened use of physical force against the person of another." Thus, it qualifies as a violent crime under the ACCA and was a valid predicate offense for purposes of classifying Petitioner as an armed career criminal. *See, e.g., United States v. Kornegay*, 641 Fed. Appx. 79 (2d Cir. 2016) (holding that New York conviction for second degree robbery qualifies as a crime of violence under the elements clause of the Guidelines, which is identical to the elements clause of the ACCA); *United States v.*

4

*Bogle*, 522 Fed. Appx. 15, 19-20 (2d Cir. 2013) (holding that a New York conviction for attempted robbery in the second degree qualifies as a violent felony under the ACCA); *United States v. Brown*, 52 F.3d 415, 426 (2d Cir. 1995) (robbery under New York law is a violent crime under the ACCA).

The Court recognizes that the Second Circuit in *United States v. Jones*, 15-1518-cr (2d Cir. July 21, 2016), reviewed lower New York state court decisions and noted that "forcible stealing" alone does not necessarily involve the use of violent force. *Id.* at 15. It therefore held that it was "compelled to conclude that...a New York robbery conviction involving forcible stealing, absent other aggravating factors, is no longer necessarily a conviction for a 'crime of violence' within the meaning of the Career Offender Guideline" of the Sentencing Guidelines. But the Second Circuit later vacated this decision, pending the Supreme Court's decision in *Beckles v. United States*. *United States v. Jones*, 838 F.3d 296 (2d Cir. Oct. 3, 2016). In light of the long line of Second Circuit cases that have held that a New York robbery conviction constitutes a violent crime, the Sixth Circuit's decision in *Patterson*, and the Second Circuit's vacating of the *Jones* opinion, this Court concludes that Petitioner's New York robbery conviction is a violent felony under the elements clause of the ACCA. Because Petitioner had three qualifying offenses, he is not entitled to a new sentencing hearing.

### **CONCLUSION**

For these reasons, Petitioner's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 44) and Amended Motion for Relief Under 28 U.S.C. § 2255 (Doc. 50) are DENIED. In light of *Jones*, however, reasonable jurists could disagree as to whether Petitioner's New York conviction for robbery is a violent felony under the ACCA. The Court therefore

5

issues a certificate of appealability on this issue. 28 U.S.C.A. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

IT IS SO ORDERED.

/s/ Patricia A Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/11/17